**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN FREDERICK SIMPSON,** | : | **Civil No. 1:15-mc-297** |
| **t/a Warrior Ridge Trading and** | : | |
| **LCT Pro Shop,** | : | **(Judge Jones)** |
| | : | |
| **Petitioner** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **LORETTA E. LYNCH,** | : | |
| **Attorney General of the** | : | |
| **United States, et al.,** | : | |
| | : | |
| **Respondents** | : | |

**MEMORANDUM ORDER**

On April 27, 2016, the Court issued an order that denied, in large part, the petitioner's motion to compel the respondents to produce additional discovery in response to document requests and interrogatories and other discovery propounded in this action, which the court found went well beyond what is typical and warranted in an appeal of administrative action. (Doc. 35.) For reasons explained, in that memorandum order, the court concluded that the petitioner had not demonstrated sufficiently compelling cause to require the respondent to produce more than it already had done. Simpson has appealed that ruling to the District Court, where it remains pending. (Doc. 36.)

The Court reserved a ruling with respect to a limited number of documents that the respondents had produced to the petitioner in redacted form, and directed that the Respondents provide the Court with copies of both redacted and unredacted documents.  The Respondents have now done so, and have included a copy of the privilege log that they provided to the Petitioner identifying the redacted documents and the reasons for the very modest redactions that were made. The Court has now reviewed those documents – which amount to 15 pieces of paper, most of which were minimally redacted – and concludes that the Respondents have justified the redactions and have no obligation to produce more than has already been furnished to the Petitioner.

As a threshold matter, we note that only 15 documents were subject to redaction, and these documents were almost all subject to minimal redaction that was explained to the Petitioner in a privilege log.  The bases for the redactions were also thoroughly explained in the Respondents' brief, which made clear the multiple reasons the government had for withholding certain information from Simpson.  Finally, even though the documents were redacted, in most cases those redactions are not depriving Simpson of access to any factual information, since the fact remains that much of the information used in support of ATF's revocation of Simpson's two FFLs came from Simpson's own records.  In other cases the redacted information consists of pre-decisional opinions and deliberations, or

makes reference to third-party firearm transfers that are not properly the subject of disclosure under federal law and are, in any event, not relevant.

Five of the 15 documents that were redacted are entitled "Assignment and Report." These documents set forth descriptions of ATF's encounters with Simpson at the time he applied for FFLs, the times he sought to amend his licenses, and when ATF performed compliance inspections that resulted in the FFLs being revoked. These documents were subject to very minimal redaction: the Respondents excised the number of hours that ATF spent on the encounters with Simpson, as well as comments by supervisory officials who reviewed the reports. (Doc. 31-1, Ex. C.) As can be seen from the documents that were produced in redacted form, the Respondents did not redact the agency's ultimate recommendation with respect to application approval or revocation.

We agree with the Respondents that Simpson has not effectively argued that the redacted material is even relevant to the matters before the Court. For example, the number of hours that ATF officials spent during their investigation has no apparent bearing on ATF's ultimate decision to revoke the FFLs. Likewise, we do not find relevant supervisory employee comments, since as we have already noted, "evidence regarding how another official would have exercised the ATF's discretion under these circumstances is not helpful." *See Taylor v. Hughes*, 2012 WL 4327035, at *7 (M.D. Pa. Sept. 20, 2012). Finally, we agree that it was

entirely appropriate for the Respondents to redact limited references to the opinions of agency counsel pursuant to the attorney-client privilege. (Doc. 31-1, Ex. D, ¶¶ 9-10.)  These redactions plainly were made because the supervisory officials' comments related to opinions offered by counsel, and hence would appear to be covered by the privilege.  Simpson has not effectively countered this assertion.

Two of the documents subject to redaction are statistical worksheets that were prepared by IOI Whitman.  According to the Respondents, these reports were prepared in consideration of whether Simpson's licenses should be revoked, and the worksheets set forth IOI Whitman's judgment regarding the type and frequency of Simpson's violations.  (Doc. 31-1, Ex. D, ¶¶11-12.)  We agree that IOI Whitman's opinion here is not relevant to the ultimate issue of whether ATF was authorized to revoke the licenses, and the information upon which her opinion was based has always been available to Simpson since the reports were based on Simpson's records themselves.

Finally, some of the redactions were made based upon information that had been obtained from another FFL holder who did business with Simpson.  In five cases, the Respondents made limited redactions because the information on the documents included reference to and description of a firearm that is subject to tax under the National Firearms Act, 26 U.S.C. § 5801 et seq.  As the Respondents

aptly note, disclosure of that information may be unlawful under 26 U.S.C. § 6103(a), which restricts disclosure of tax return information.  But even if ATF were wrong about that, redaction of the type of firearm in question is irrelevant in this case because it has no apparent connection to Simpson.  Simpson has not persuasively argued otherwise, and we do not find a sufficient basis to override the Respondents' decision to make these minor redactions to protect against the disclosure of irrelevant information.

For these reasons, we will not require the Respondents to produce to Simpson unredacted copies of the 15 documents as a supplement to the 639 pages of documents that they have already furnished to him in this appeal of an administrative decision.  Accordingly, IT IS HEREBY ORDERED THAT the remainder of Simpson's motion to compel discovery with respect to 15 pages that were subject to limited redactions (Doc. 31) is DENIED.

So Ordered this 10th  day of May, 2016.


/s/  Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge